UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-23649-BLOOM/Elfenbein

**BOOM FUNDED, LLC**,

    Plaintiff,

v.

**AEVA, LLC**, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO STRIKE

**THIS CAUSE** is before the Court on Plaintiff Boom Funded, LLC's Motion to Strike Affirmative Defenses (the "Motion"). *See* ECF No. [10]. In the Motion, Plaintiff asks the Court to strike Defendant Aeva, LLC ("Aeva") and Barbara Deinet's ("Deinet") Second, Third, Fourth, Fifth, Sixth, Ninth, Tenth, Eleventh, Twelfth, and Fifteenth Affirmative Defenses. *See* ECF No. [10] at 1. The Honorable Beth Bloom referred the Motion to me for a Report and Recommendation. *See* ECF No. [21]. For the reasons explained below, I respectfully **RECOMMEND** that the Motion to Strike, **ECF No. [10]**, be **GRANTED in part and DENIED in part**.

### I.  BACKGROUND

This lawsuit arises out of a business relationship between Plaintiff and Defendants. *See* ECF No. [1]. In May 2024, Plaintiff and Defendant Aeva entered into "a future receivables sale and purchase agreement" for "business financing" (the "Agreement"). *See* ECF No. [1] at 2; ECF No. [1-2]. In that agreement, Plaintiff paid $150,000 to Aeva in exchange for a later payment of $204,000 from Aeva, which Plaintiff would receive as a specific percentage of Aeva's "future

receipts." *See* ECF No. [1] at 2.  Procedurally, the Parties intended the repayment to occur by Aeva "depositing 6% of its daily" future receipts "into a designated deposit account, from which Plaintiff" was "authorized to ACH debit a weekly payment" of $5,100 until Plaintiff had recovered the full $204,000.  *See* ECF No. [1] at 2–3.  At the same time, Defendant Deinet signed a "Personal Guaranty of Performance" through which she "irrevocably, absolutely and unconditionally guarantee[d]" to Plaintiff the "prompt and complete performance of all" Aeva's "obligations" under the Agreement.  *See* ECF No. [1-2] at 17–20; ECF No. [1] at 3.

In September 2024, Plaintiff filed this lawsuit asserting two claims: breach of contract against both Defendants and breach of guaranty agreement against Deinet only.  *See* ECF No. [1] at 5–7.  Defendants answered, asserting seventeen affirmative defenses.  *See* ECF No. [8].  Plaintiff then filed the Motion, which seeks to strike ten of Defendants' seventeen affirmative defenses. *See* ECF No. [10].

In the Motion, Plaintiff contends that Defendants' "second and fourth affirmative defenses should be stricken because they are defenses to claims (account stated and unjust enrichment) that are not pled."  *See* ECF No. [10] at 2.  Plaintiff argues that Defendants' Third, Ninth, Eleventh, Twelfth, and Fifteenth Defenses should be stricken because they "are conclusory and fail to provide fair notice."  *See* ECF No. [10] at 2–4.  And Plaintiff argues that Defendants' Second, Fourth, Fifth, Sixth, Tenth, and Fourteenth Affirmative Defenses are mere denials and should, therefore, be stricken.  *See* ECF No. [10] at 4–5.

In their response to the Motion, Defendants argue that "[g]ranting Plaintiff's motion would summarily reject certain positions the Defendants have yet to have an opportunity to fully flesh out in discovery," which "would be inequitable and would deny Defendants due process."  *See* ECF No. [15] at 1.  They also argue that a "party must . . . be provided an opportunity to set forth

2

its affirmative defenses at . . . trial" and that "those defenses should not be subject to a motion to strike during the discovery phase." *See* ECF No. [15] at 1.  Defendants "request dismissal of the Motion, in its entirety" but alternatively suggest that if "the Court were to deem any of Defendants' affirmative defenses were insufficiently pled, then the proper remedy would be for a more definite statement, and not a dismissal of the defense itself."  *See* ECF No. [15] at 2.  They assert they "should be given every opportunity to set forth additional detail if necessary, and to conduct discovery to obtain additional information regarding" the defenses.  *See* ECF No. [15] at 2.

Plaintiff replies that Defendants' response "does not directly address any of" its arguments, is "devoid of any reference to the Answer or Motion," includes no references "to a case, statute, or any authority in support of any their arguments," and instead makes only "generic, conclusory, and legally inaccurate statements in purported 'opposition.'"  *See* ECF No. [17] at 1–2.  Plaintiff suggests that "Defendants' strategy in this case is to advance boilerplate defenses designed to multiply discovery and postpone what appears to be an inevitable judgment," so they "filed generic defenses, most of which are simply and obviously inapplicable to the facts at issue in this action."  *See* ECF No. [17] at 1.  Plaintiff argues that "Defendants had an obligation to plead legally sufficient defenses to survive a motion to strike but for ten of the purported defenses failed to meet their burden," which has hampered Plaintiff's ability "to know what defenses are at issue in this action with reasonable particularity, so that it can efficiently conduct its discovery and litigation of this case."[1]  *See* ECF No. [17] at 2.

---

[1] Plaintiff also asserts that Defendants initially agreed to withdraw their Second and Fourth Defenses "because they are directed to unpled claims" and that the "agreement is reflected in the Local Rule 7.1(a)(3) certificate on page 10 of the Motion."  *See* ECF No. [17] at 2.

3

## II.   LEGAL STANDARDS

### A. Motions to Strike Generally

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). By definition, a "pleading" is one of these seven documents: (1) "a complaint," (2) "an answer to a complaint, (3) "an answer to a counterclaim designated as a counterclaim," (4) "an answer to a crossclaim," (5) "a third-party complaint," (6) "an answer to a third-party complaint," and (7) "if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a).

For purposes of a motion to strike, a matter is redundant if it "essentially repeats" information or arguments that have already appeared in another filing by that party. *See Pro Transp., Inc. v. Great Am. Assurance Co.*, No. 17-CV-20724-KMM, 2018 WL 11352652, at *11 (S.D. Fla. Jan. 30, 2018); *Owens v. Blue Tee Corp.*, 177 F.R.D. 673, 678 (M.D. Ala. 1998) ("'Redundant' matter consists of allegations that constitute a needless repetition of other averments." (quoting 5A Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 1382 at 704 (1990))); 2 Moore's Federal Practice § 12.37 (Matthew Bender 3d Ed. 2024) ("[C]ourts will strike a claim as 'redundant' when it essentially repeats another claim in the same complaint."). A matter is immaterial if it "has no value in developing the issues of the case," is impertinent if it is "irrelevant to the issues" or "not properly in issue between the parties," and is scandalous if it is "both grossly disgraceful (or defamatory) and irrelevant to the action or defense." *See Blake v. Batmasian*, 318 F.R.D. 698, 700 nn.2–4 (S.D. Fla. 2017).

"The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters." *Id.* at 700. "Courts consider striking a pleading to be a drastic remedy and generally view motions to strike

4

with disfavor." *Gill-Samuel v. Nova Biomedical Corp.*, 298 F.R.D. 693, 699 (S.D. Fla. 2014) (quotation marks omitted). "A motion to strike will therefore usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Id.* (quotation marks omitted); *see also Blake*, 318 F.R.D. at 700–01 ("[A] motion to strike will be granted only if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."); *Williams v. Delray Auto Mall, Inc.*, 289 F.R.D. 697, 700 (S.D. Fla. 2013) ("Relief under Rule 12(f) is granted sparingly. . . ."). "If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied." *Blake*, 318 F.R.D. at 700.

### B. Affirmative Defenses Generally

"An affirmative defense is a defense which admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Losada v. Norwegian (Bahamas) Ltd.*, 296 F.R.D. 688, 690 (S.D. Fla. 2013) (quotation marks omitted); *see also Gomez v. Bird Auto., LLC*, 411 F. Supp. 3d 1332, 1334 (S.D. Fla. 2019) ("An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter." (quotation marks omitted)). "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *Losada*, 296 F.R.D. at 690 (quotation marks omitted); *see also Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (noting that a defense that "simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense").

"Affirmative defenses which simply deny the complaint's allegations are also not affirmative defenses." *Losada*, 296 F.R.D. at 690 (quotation marks omitted); *Solidda Grp., S.A. v. Sharp Elecs. Corp.*, No. 12-21411-CIV, 2012 WL 12863887, at *1 (S.D. Fla. Aug. 31, 2012)

("Denying an element of a plaintiff's prima facie case, such as damages, does not give rise to an affirmative defense."). And "[f]ailure to state a claim is not an affirmative defense." *Havana Docks Corp. v. Carnival Corp.*, 592 F. Supp. 3d 1088, 1194 (S.D. Fla. 2022).

"[D]istrict courts disagree over the standard required for pleading affirmative defenses." *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 680 (S.D. Fla. 2015). "Some courts have held that affirmative defenses are subject to the heightened pleading standard of Rule 8(a) set forth in" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Tsavaris*, 310 F.R.D. at 680. "Under this standard, an affirmative defense that merely offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration adopted, quotation marks omitted). "Instead, a defense would have to contain enough factual matter to raise a right to relief above the speculative level." *Id.* (quotation marks omitted).

"Other courts, however, have held that the heightened pleading standard of *Twombly* and *Iqbal* does not apply to affirmative defenses." *Id.* at 680–81. Those courts apply the "less stringent standard" of Federal Rule of Civil Procedure 8(b) and (c), which require only that a party "state in short and plain terms its defenses to each claim asserted against it," Fed. R. Civ. P. 8(b)(1)(A), "affirmatively state any avoidance or affirmative defense," Fed. R. Civ. P. 8(c)(1). *See Tsavaris*, 310 F.R.D. at 681; *cf. Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988) ("The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.").

While neither the Supreme Court nor the Eleventh Circuit has resolved the disagreement among the district courts, many courts in this District have held "that a lower pleading standard applies to affirmative defenses." *See Tsavaris*, 310 F.R.D. at 682 (Moore, J.) ("[T]his Court joins the growing number of courts in this circuit and others in finding that a lower pleading standard

applies to affirmative defenses. Such an approach is faithful both to the letter and the spirit of Rules 8(b) and (c), as revealed through the plain language of Rule 8 and Eleventh Circuit precedent."); *accord, e.g.*, *Dionisio v. Ultimate Images & Designs, Inc.*, 391 F. Supp. 3d 1187, 1192–93 (S.D. Fla. 2019) (Bloom, J.); *Colonial Van Lines, Inc. v. Safeway Moving, LLC*, No. 9:24-CV-80892, 2025 WL 458491, at *3 (S.D. Fla. Feb. 11, 2025) (Leibowitz, J.); *Lalusis v. NCL (Bahamas) Ltd.*, No. 24-CV-21354, 2024 WL 3183238, at *2 (S.D. Fla. June 26, 2024) (Altman, J.); *Brito v. Palm Springs Mile Assocs., Ltd.*, 2021 WL 2634863, at *1 (S.D. Fla. Feb. 3, 2021) (Scola, J.); *Sparta Ins. Co. v. Colareta*, 2013 WL 5588140, at *3 (S.D. Fla. Oct. 10, 2013) (Rosenbaum, J.). That includes the undersigned. *See Ramindesign, LLC v. Skarzynski*, No. 23-CV-24838, 2025 WL 271652, at *4 (S.D. Fla. Jan. 23, 2025) (Elfenbein, Mag. J.), *R.&R. adopted*, No. 23-24838-CIV, 2025 WL 485965 (S.D. Fla. Feb. 13, 2025) (Lenard, J.).

### C. Motions to Strike Affirmative Defenses Specifically

An "affirmative defense must be stricken when the defense is comprised of no more than bare-bones, conclusory allegations or is insufficient as a matter of law.  A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Dionisio*, 391 F. Supp. 3d at 1191–92 (citations and quotation marks omitted); *see also Tsavaris*, 310 F.R.D. at 680 ("[A] motion to strike an affirmative defense is typically denied unless the defense (1) has no possible relation to the controversy, (2) may cause prejudice to one of the parties, or (3) fails to satisfy the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.").  "When an affirmative defense is mislabeled and is more properly a denial, the Court should not strike the claim but should treat it as a specific denial." *Losada*, 296 F.R.D. at 691.

Put simply, courts in this District use this "framework" when evaluating a motion to strike

affirmative defenses: "*First*, we ask whether the 'affirmative defense' is just a denial masquerading as an affirmative defense. *Second*, if it is an eligible affirmative defense, we determine whether it gives the Plaintiffs fair notice of the defense and the grounds upon which it rests. If the answer to both questions is *yes*, then the affirmative defense survives." *See Mad Room, LLC v. City of Miami*, No. 21-CV-23485, 2024 WL 2776173, at *2 (S.D. Fla. May 30, 2024). Some courts have viewed affirmative defenses to be mere "denials masquerading as affirmative defenses" when they "suggest" a plaintiff's "own conduct (and not the [defendants']) was the cause of the[] alleged damages" because that is "simply denying its liability." *See id.* at *4; *but see id.* (acknowledging that other courts in this District "have sometimes declined to strike 'own conduct' affirmative defenses (like these)").

### III.  DISCUSSION

As noted above, Plaintiff asks the Court to strike Defendants' Second, Third, Fourth, Fifth, Sixth, Ninth, Tenth, Eleventh, Twelfth, and Fifteenth Affirmative Defenses. *See* ECF No. [10] at 1. Specifically, Plaintiff argues those ten defenses must be stricken "for three specific reasons": as to the Second and Fourth Affirmative Defenses, because they "are directed to unpled claims"; as to the Third, Ninth, Eleventh, Twelfth, and Fifteenth Affirmative Defenses, because they "are conclusory and fail to provide fair notice"; and as to the Second, Fourth, Fifth, Sixth, Tenth, and Fourteenth Affirmative Defenses, because they "are mere denials." *See* ECF No. [17] at 1; ECF No. [10] at 2–5. The Court will take each argument in turn.

#### A.  Affirmative Defenses "Directed to Unpled Claims"

Plaintiff's first argument is directed at Defendants' Second and Fourth Affirmative Defenses. *See* ECF No. [10] at 2; ECF No. [17] at 1. In the Second Affirmative Defense, "Defendants move to dismiss Plaintiff's Cause of Action for unjust enrichment and account stated

8

for failure to state a cause of action." *See* ECF No. [8] at 4. And in the Fourth Affirmative Defense, they assert that "Plaintiff has failed to state a cause of action for an account stated" because he "failed to plead and provide any evidence as to the elements of the stated theory of recovery." *See* ECF No. [8] at 5.

As the Motion highlights, however, Plaintiff has not pleaded a cause of action for unjust enrichment or a cause of action for account stated. *See* ECF No. [10] at 2; ECF No. [17] at 1. The Complaint includes only two causes of action: breach of contract and breach of guaranty agreement. *See* ECF No. [1] at 5–7. For that reason, the Court finds it appropriate to strike Defendants' Second and Fourth Affirmative Defenses.

Motions to strike are meant "to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters." *Blake*, 318 F.R.D. at 700. Causes of action that have not been asserted in the lawsuit — like unjust enrichment and account stated here — are the definition of irrelevant, confusing, and immaterial. Unpleaded causes of action certainly have "no value in developing the issues of the case," are "irrelevant to the issues," and are "not properly in issue between the parties." *See id.* at 700 nn.2–3. Indeed, they have "no possible relationship to the controversy." *See id.* at 700–01; *Gill-Samuel*, 298 F.R.D. at 699. As a result, an affirmative defense directed at an unpleaded claim for relief is both "an insufficient defense" and an "immaterial" or "impertinent" matter — the exact items courts are permitted to strike. *See* Fed. R. Civ. P. 12(f).

While the Court is mindful that motions to strike are generally viewed with disfavor, *Gill-Samuel*, 298 F.R.D. at 699, and should be granted sparingly, *Williams*, 289 F.R.D. at 700, this situation is precisely the kind contemplated by Rule 12(f). As a result, the Court agrees that Defendants' Second and Fourth Affirmative Defenses should be stricken. *See* Fed. R. Civ. P.

12(f); *Blake*, 318 F.R.D. at 700–01. Accordingly, I respectfully **RECOMMEND** that the Motion to Strike, **ECF No. [10]**, be **GRANTED** as to Defendants' Second and Fourth Affirmative Defenses.

### B. Affirmative Defenses that are "Conclusory and Fail to Provide Fair Notice"

Plaintiff's second argument is directed at Defendants' Third, Ninth, Eleventh, Twelfth, and Fifteenth Affirmative Defenses. *See* ECF No. [10] at 2; ECF No. [17] at 1. In the Third Affirmative Defense, Defendants assert that the "alleged debt and Plaintiff's means of collecting it are and have been unconscionable and materially unfair to the party of lesser bargaining power and therefore, unenforceable in the interests of equity." *See* ECF No. [8] at 5. In the Ninth Affirmative Defense, they assert "Plaintiff's claims are barred by procedural and substantive unconscionability, usury, estoppel, unclean hands, and waiver." *See* ECF No. [8] at 6. In the Eleventh Affirmative Defense, they assert "Plaintiff's claims are barred by its failure to satisfy all conditions precedent." *See* ECF No. [8] at 6. In the Twelfth Affirmative Defense, they assert "Plaintiff failed, refused and/or neglected to take reasonable steps to mitigate Plaintiff's damages, if any, thus barring or diminishing any recovery by Plaintiff against Defendants." *See* ECF No. [8] at 6. And in the Fifteenth Affirmative Defense, they assert "Plaintiff's theories of recovery in their Complaint are inconsistent and cannot be plead pursuant to Florida case law." *See* ECF No. [8] at 7.

As noted above, while an affirmative defense does not need to meet the heightened pleading standard articulated in *Twombly* and *Iqbal*, it does need "to satisfy the general pleading requirements of Rule 8." *See Tsavaris*, 310 F.R.D. at 680–82. Under Rule 8, an affirmative defense must say enough to "guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." *See Hassan*, 842

Case 1:24-cv-23649-BB   Document 63   Entered on FLSD Docket 03/11/2025   Page 11 of 16

CASE NO. 24-CV-23649-BLOOM/Elfenbein

F.2d at 263; Fed. R. Civ. P. 8(b)(1)(A) (requiring a short and plain statement of each defense); Fed. R. Civ. P. 8(c)(1) (requiring a party to "affirmatively state any avoidance or affirmative defense"). If an affirmative defense "is comprised of no more than bare-bones, conclusory allegations," the Court must strike it. *See Dionisio*, 391 F. Supp. 3d at 1191 (quotation marks omitted).

Plaintiff correctly notes that Defendants' Third, Ninth, Eleventh, Twelfth, and Fifteenth Affirmative Defenses fit this description. *See* ECF No. [10] at 2; ECF No. [17] at 1. Although each of the defenses affirmatively states a legal principle upon which the defense is based, none of them contains anything more than that. *See* ECF No. [8] at 5–7. The defenses do not, for example, contain any factual allegations describing what actions or inactions of Plaintiff or Defendants make the defenses specifically applicable here. *See Dionisio*, 391 F. Supp. 3d at 1195 ("Although affirmative defenses are not subject to the heightened *Twombly* and *Iqbal* pleading standards, Defendants do not suggest how any of these defenses might apply to the instant case, nor do they identify the elements of any of these defenses." (quotation marks omitted)). Instead, they are "nothing more than bare recitations of boiler-plate affirmative defenses." *See id.*

The Third Affirmative Defense, for instance, asserts that the "alleged debt and Plaintiff's means of collecting it" are "unconscionable," "materially unfair," and "unenforceable," *see* ECF No. [8] at 5, but it does not allege any facts particular to Plaintiff or Defendants that connects those defenses to this case. Similarly, the Ninth Affirmative Defense does not allege facts explaining why Plaintiff's claims are barred by "unconscionability, usury, estoppel, unclean hands, and waiver." *See* ECF No. [8] at 6. Nor do the Eleventh and Twelfth Affirmative Defenses allege facts about how Plaintiff failed, respectively, to "satisfy all conditions precedent" or "take reasonable steps to mitigate" its damages. *See* ECF No. [8] at 6. Finally, the Fifteenth Affirmative

Defense does not allege any facts addressing which of "Plaintiff's theories of recovery" are "inconsistent" with Florida law or why those purportedly inconsistent theories cannot be pleaded in the alternative. *See* ECF No. [8] at 7.

Affirmative defenses like these, which contain only "bare-bones" statements of law without facts linking the law to the particular case, do not give Plaintiff "fair notice as to the basis of each defense." *See Dionisio*, 391 F. Supp. 3d at 1191, 1195; *Mad Room, LLC*, 2024 WL 2776173, at *2 (requiring affirmative defenses to give "fair notice of the defense and the grounds upon which it rests). For that reason, they do not allow Plaintiff to be "prepared to properly litigate" its case. *See Hassan*, 842 F.2d at 263. As a result, Defendants' Third, Ninth, Eleventh, Twelfth, and Fifteenth Affirmative Defenses do not satisfy the general pleading requirements of Rule 8 and should be stricken. *See Tsavaris*, 310 F.R.D. at 680–82. Accordingly, I respectfully **RECOMMEND** that the Motion to Strike, **ECF No. [10]**, be **GRANTED** as to Defendants' Third, Ninth, Eleventh, Twelfth, and Fifteenth Affirmative Defenses.

### C. Affirmative Defenses that are "Mere Denials"

Plaintiff's third argument is directed at Defendants' Second, Fourth, Fifth, Sixth, Tenth, and Fourteenth Affirmative Defenses. *See* ECF No. [10] at 2; ECF No. [17] at 1. Because the Court has already concluded that Defendants' Second and Fourth Affirmative Defenses should be stricken as irrelevant and immaterial, *see* Fed. R. Civ. P. 12(f), the Court does not revisit those defenses here.

In the Fifth Affirmative Defense, Defendants assert the "Complaint fails to state a claim against Defendant upon which relief can be granted." *See* ECF No. [8] at 5. In the Sixth Affirmative Defense, they assert that "the amounts claimed by Plaintiff are inflated to include improper charges and late payment fees inappropriately charged" and that "allowing Plaintiff to

collect these amounts would be inequitable and against public policy" because the contract is "unconscionable." *See* ECF No. [8] at 5.  In the Tenth Affirmative Defense, they assert they "did not breach any duty or obligation allegedly owed to Plaintiff." *See* ECF No. [8] at 6.  And in the Fourteenth Affirmative Defense, they assert there "has been a failure of consideration in whole or in part." *See* ECF No. [8] at 6.

Starting with Defendants' Fifth Affirmative Defense, it says only that the "Complaint fails to state a claim." *See* ECF No. [8] at 5.  But "[f]ailure to state a claim is not an affirmative defense." *Havana Docks*, 592 F. Supp. 3d at 1194; *cf.* Fed. R. Civ. P. 12(b)(6) (allowing parties to raise a defense of failure to state a claim upon which relief can be granted in a pre-answer motion).  As a result, the Court agrees with Plaintiff that Defendants' Fifth Affirmative Defense should be stricken.

As to the Tenth and Fourteenth Affirmative Defenses, although neither defense contains an explicit denial, both defenses function in practice as denials of elements of Plaintiff's prima facie case. *See* ECF No. [8] at 6.  Put differently, they simply point out defects or a lack of evidence in a Plaintiff's case. *See Morrison*, 434 F. Supp. 2d at 1318; *Losada*, 296 F.R.D. at 690; *Solidda Grp.*, 2012 WL 12863887, at *1.  Specifically, the Tenth Affirmative Defense asserts that Defendants "did not breach any duty or obligation," while the Fourteenth Defense asserts that there "has been a failure of consideration." *See* ECF No. [8] at 6.

To prove its breach-of-contract claim, Florida law requires Plaintiff "to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009); *see also Friedman v. N.Y. Life Ins. Co.*, 985 So.2d 56, 58 (Fla. 4th DCA 2008).  And to "prove the existence of a contract," Plaintiff must plead and establish: "(1) offer; (2) acceptance; (3) consideration; and

(4) sufficient specification of the essential terms." *See Vega*, 564 F.3d at 1272; *St. Joe Corp. v. McIver*, 875 So.2d 375, 381 (Fla. 2004). So a lack of breach would prevent Plaintiff from proving the second element of its breach-of-contract claim, and a failure of consideration would prevent Plaintiff from proving the first element of its breach-of-contract claim (because it would negate the third element necessary for there to be a contract). *See Vega*, 564 F.3d at 1272.

As discussed above, affirmative defenses that merely point out a defect or a lack of evidence in Plaintiff's prima facie case are, by definition, not affirmative defenses. *See Losada*, 296 F.R.D. at 690; *In re Rawson*, 846 F.2d at 1349; *Morrison*, 434 F. Supp. 2d at 1318. They are instead denials masquerading as affirmative defenses, so the Court should treat Defendants' Tenth and Fourteenth Affirmative Defenses as denials instead of striking them. *See Grovenor House, L.L.C. v. E.I. Du Pont De Nemours And Co.*, No. 09-CV-21698, 2010 WL 3212066, at *3 (S.D. Fla. Aug. 12, 2010) (explaining that when "a defendant mislabels a denial as an affirmative defense, the proper remedy is not to strike the claim, but rather to treat it as a specific denial.").

Finally, as to the Sixth Affirmative Defense, Defendants assert that "the amounts claimed by Plaintiff are inflated to include improper charges and late payment fees inappropriately charged" and that "allowing Plaintiff to collect these amounts would be inequitable and against public policy" because the contract is "unconscionable." *See* ECF No. [8] at 5. Although this allegation does not include abundant detail, it does include both the legal basis for the defense — that the Agreement is "inequitable," "against public policy," and "unconscionable" — and the factual basis linking this case to the defense — that Plaintiff "inflated" its claimed damages by including "improper charges" and inappropriate "late payment fees." *See* ECF No. [8] at 5. Those details are enough to give Plaintiff fair notice as to the basis of the defense, *see Dionisio*, 391 F. Supp. 3d at 1191, 1195; *Mad Room, LLC*, 2024 WL 2776173, at *2, so that it can properly litigate

its case, *see Hassan*, 842 F.2d at 263. As a result, Defendants' Sixth Affirmative Defense meets the general pleading requirements of Rule 8 and should not be stricken. *See Tsavaris*, 310 F.R.D. at 680–82.

Accordingly, I respectfully **RECOMMEND** that the Motion to Strike, **ECF No. [10]**, be **GRANTED** as to Defendants' Second, Fourth, and Fifth Affirmative Defenses, be **DENIED** as to Defendants' Sixth Affirmative Defense, and that the Tenth and Fourteenth Affirmative Defenses be treated as denials.

## IV.     CONCLUSION

For the reasons explained above, I respectfully **RECOMMEND** that**:**

1. Plaintiff's Motion to Strike, **ECF No. [10]**, be **GRANTED in part and DENIED in part**;

2. Plaintiff's request to strike Defendants' Second, Third, Fourth, Fifth, Ninth, Eleventh, Twelfth, and Fifteenth Affirmative Defenses be **GRANTED;**

3. Plaintiffs' request to strike Defendants' Sixth Affirmative Defense be **DENIED**; and

4. The Tenth and Fourteenth Affirmative Defenses be treated as specific denials.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Beth Bloom, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

CASE NO. 24-CV-23649-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers in Miami, Florida on March 11, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All counsel of record