UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-23649-BLOOM/Elfenbein

BOOM FUNDED, LLC,

      Plaintiff,

v.

AEVA, LLC, and BARBARA DEINET,

      Defendant.

_____/

## ORDER GRANTING ATTORNEYS' FEES AND COSTS

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Attorneys' Fees ("Motion"), ECF No. [88], filed on August 19, 2025. Defendants did not file a Response. The Court may therefore grant the Motion by default. S.D. Fla. L.R. 7.1(c)(1). The Court has considered the Motion, the record, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

On September 23, 2024, Plaintiff filed the present action, alleging breach of contract by both Defendants and breach of guaranty agreement by Defendant Barbara Deinet. ECF No. [1]. On June 26, 2025, the Court entered Final Default Judgment in favor of Plaintiff and against Defendants. ECF No. [85] at 1. The Court reserved jurisdiction to award attorneys' fees and costs. *Id.* "Pursuant to the unambiguous attorneys' fee provision in the Agreement and Guaranty," Plaintiff now seeks "reasonable attorneys' fees in the amount of $58,959 and costs in the amount of $2,255, for a total of $61,214."[1] ECF No. [88] at 2.

_____

[1] Plaintiff points out that, pursuant to the underlying retainer agreement, "[i]n the event that our attorney's fees are ordered to be paid by any party other than the Client the hourly rate for all attorneys who worked on this matter shall be the maximum hourly billing rate as set by the firm on January 1 of each calendar year multiplied by the amount of hours expended, the amount

"Florida conforms to the 'American Rule' under which attorneys' fees are awarded only when permitted by statute or contract." *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1329 (11th Cir. 1998). "Provisions in ordinary contracts awarding attorney's fees and costs to the prevailing party are generally enforced." *Lashkajani v. Lashkajani*, 911 So. 2d 1154, 1158 (Fla. 2005). As Plaintiff notes, the Agreement states:

> Upon occurrence of an Event of Default due to the Seller's breach of its obligations under this Agreement, the Seller shall immediately deliver to the Purchaser the entire unpaid portion of the Purchased Amount. The Seller shall also pay to the Purchaser any reasonable expenses incurred by the Purchaser in connection with recovering the monies due to the Purchaser pursuant to this Agreement, including, without limitation, the cost of retaining collection firms and reasonable attorneys' fees and disbursements (collectively, "Reasonable Damages")

> ECF No. [1-2] at 10.

Similarly, the Guaranty states "the Guarantor unconditionally covenants to the Purchaser in the event of a default or breach at any time by the Seller, the Guarantor shall be responsible for the Obligations and pay all damages and other amounts stipulated in the Agreement with respect to nonperformance of the Obligations." *Id.* at 17. "Because Plaintiff incurred attorneys' fees and disbursements in this action resulting from Defendants' unequivocal default under the Agreement, it is entitled to its attorneys' fees from Defendants." ECF No. [88] at 3.

"The most useful starting point for determining the amount of a reasonable fee is the

---

actually paid by the client, or such amount as is determined by the court, whichever is highest." ECF No. [88] at 9. The Florida Supreme Court has established that a defendant "could not be required to pay the plaintiffs more in prevailing party attorney's fees than the plaintiffs would owe their attorney under their contingency fee contract." *First Baptist Church of Cape Coral, Florida, Inc. v. Compass Const., Inc.*, 115 So. 3d 978, 981 (Fla. 2013). Plaintiff notes that although the retainer agreement "proves an alternative fee arrangement" whereby the firm "will receive $400 per attorney hour plus $200 per paralegal hour" with the firm "receiving a success fee of 15% of any amount collected in the matter[,]" the total amount Plaintiff owes pursuant to the retainer agreement is "$59,343.75, which is actually more than the $56,672.00 requested here. In other words, Plaintiff is seeking an award of fees for less than the client is contractually required to pay." ECF No. [88] at 9.

number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983). "This amount is ordinarily referred to as the lodestar." *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 F. App'x 161, 163-64 (11th Cir. 2008) (citations and internal quotations omitted). The resulting fee carries a presumption that it is reasonable. *Blum v. Stenson*, 465 U.S. 886 (1984). This lodestar amount may then be adjusted upward or downward based upon other considerations. *Hensley*, 461 U.S. at 433-37. Plaintiff bears the burden of documenting the reasonableness of the hours expended and the hourly rate. *A.C.L.U. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).

In support of the Motion, Plaintiff attached an affidavit from Plaintiff's counsel, Yaniv Adar, stating that, "[e]xcluding time spent on discovery hearing related matters, which was already awarded by the Court," Adar has billed a total of "$51,714.00 in legal fees determined at 61.2 hours at $845 per hour." ECF No. [88-1] ¶ 9. Having "personally reviewed the billing time records reflecting the attorneys' fees incurred in this case[,]" Adar also states that "[p]aralegals Olivia Prawita and Viviana Vazquez have billed, respectively, $7,245.00 in fees determined at 32.2 hours at $225 per hour." *Id.* ¶ 5.

Adar is a partner at the law firm of Mark Ferrer & Hayden and he has been practicing law for over 15 years. ECF No. [88-1] ¶¶ 3-4. Adar states he has "completed two clerkships, one of which was in the Southern District of Florida." *Id.* ¶ 5. He "specialize[s] in federal court practice, specifically in Florida federal courts" and is "the former President of the South Florida Chapter of the Federal Bar Association." *Id.* ¶¶ 6-7. He has also "served on the United States District Court for the Southern District of Florida's Ad Hoc Committee on Rules and Procedures since 2022." *Id.* ¶ 7.

In support of the reasonableness of Adar's $845 hourly billing rate, Plaintiff argues "'the South Florida legal market has changed drastically in the last several years. Miami in particular

has developed into a national legal market. . . . That 'top-end firms will be able to charge national hourly rates in South Florida, now, is an inevitable consequence of that development.'" ECF No. [88] at 7-8 (quoting *United States Sugar Corp. v. Com. & Indus. Ins. Co.*, No. 22-cv-21737, 2023 WL 4953191, at *7 (S.D. Fla. Aug. 3, 2023) (internal citations omitted)). Plaintiff cites a case in which the Court awarded hourly rates ranging from $800-900 for attorneys with a similar number of years of experience to Adar. *Id.* (citing *Infogroup Inc. v. Off. Depot Inc.*, No. 23-cv-80358, 2024 WL 4110526, at *3 (S.D. Fla. Aug. 21, 2024) (finding hourly rates of $800 for an associate at DLA Piper who had been practicing since 2011, $850 for a senior associate at Hogan Lovells who had been practicing since 2014, and $900 for a partner at Hogan Lovells who had been practicing for almost 20 years, to be reasonable), *report and recommendation adopted*, No. 23-cv-80358, 2024 WL 4104029 (S.D. Fla. Sept. 6, 2024)). Plaintiff also cites *United States Sugar Corp.*, in which the Court "d[id] not find it appropriate . . . to reduce the rates charged by Mayer Brown's senior attorneys[,]" who charged "$1,058 per hour, $995 per hour, and $932 per hour, respectively." No. 22-cv-21737, 2023 WL 4953191, at *5,7. However, the Court did not state how many years of experience those attorneys had, therefore, the Court is unable to determine whether their experience is comparable to Adar. Nonetheless, because Defendants failed to object to the Motion, the Court finds that the hourly rate of $845 is reasonable. *See Jean-Louis v. Greenberg*, No. 08-cv-81205, 2009 WL 3387484, at *4 (S.D. Fla. Oct. 16, 2009) (finding requested hourly rate reasonable based on the Court's "own knowledge and experience, and in light of Defendants' failure to object"). Similarly, after reviewing counsel's billing records, the Court concludes that the time spent was reasonably expended. *Id.* at *4.

Vazquez and Prawita have six years and seven years of experience as paralegals, respectively. ECF No. [88-1] ¶¶ 11-12. They billed 32.2 hours at $225 per hour. *Id.* ¶ 10.

Because Defendants failed to object to the Motion and based on the undersigned's knowledge and experience in the Southern District of Florida, the requested hourly rate is reasonable. *Greenberg*, 2009 WL 3387484, at *4. After reviewing the billing records, the Court also concludes that Vazquez and Prawita's time was reasonably expended and the hourly rate is reasonable. *Id.*

Regarding costs, Plaintiff seeks reimbursement for filing fees and the cost of mediation. ECF No. [88] at 13. The filing fees are recoverable under 28 U.S.C. § 1920 and the cost of mediation is recoverable under the Agreement, which provided for recovery of "reasonable attorneys' fees and disbursements[.]" *Id.* at 2-3 (quoting ECF No. [1-2] at 10); *see also Piper Aircraft, Inc. v. Czech Sport Aircraft, A.S.,* No. 12-cv-14107, 2020 WL 7774743, at *1 n.1 (S.D. Fla. Dec. 10, 2020) ("Since mediation was ordered by the Court, the cost associated with mediation is a reasonable expense related to enforcing the parties' contracts. Moreover, Defendant does not oppose Plaintiffs' request for mediation expenses. Therefore, the undersigned finds that Plaintiffs are *contractually* entitled to recover their mediation fees."), *report and recommendation adopted*, No. 12-cv-14107, 2020 WL 7770896 (S.D. Fla. Dec. 30, 2020)).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Attorneys' Fees, **ECF No. [88],** is **GRANTED**

2. Plaintiff shall recover **$61,214.00** in fees and costs from Defendant. This amount shall consist of:

    i. **$58,959.00** in attorney's fees;

    ii. **$2,255.00** in costs.

Case No. 24-cv-23649-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 20, 2025.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

6